UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

DARRELL WHITE, II, #1959082,

        Petitioner,

v.                                              ACTION NO. 2:23cv280

HAROLD W. CLARKE,
Director of the Virginia Department
of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter is before the Court on Darrell White, II's, *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent. ECF Nos. 1, 18. This matter was referred to the undersigned. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 18, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

**I.   STATEMENT OF THE CASE**

Petitioner Darrell White, II ("White"), a Virginia inmate, has submitted a *pro se* petition pursuant to 28 U.S.C. § 2254. ECF No. 1. White alleges that his federal rights were violated when he was convicted, following his guilty plea in the Circuit Court for Southampton County in 2019, of five counts of sodomy of a victim under thirteen years old and three counts of aggravated sexual battery of a victim under thirteen years old. *Id.*; *see* ECF No. 20-1. On May 21, 2019, the court sentenced White to a total aggregate sentence of 260 years, with 180 suspended. ECF No. 20-2;

*Commonwealth v. White*, No. CR18000156-00–160-00, CR18000164-00–166-00 (Va. Cir. Ct. May 21, 2019).

White appealed his convictions to the Court of Appeals of Virginia, and on April 2, 2020, the Court of Appeals of Virginia denied his petition. ECF No. 20-3, at 94–97. His appeal to a three-judge panel was denied on June 19, 2020. *Id.* at 122. On August 3, 2021, the Supreme Court of Virginia refused White's petition for appeal. ECF No. 20-4, at 138. In his appeals, White contended that the circuit court erred in accepting his guilty pleas because (1) the court failed to establish the requisite subject matter jurisdiction by failing to show that the crimes occurred in Virginia and (2) White's guilty pleas were not knowing and intelligent because the court failed to establish where the crimes occurred or the name of the victim. ECF No. 20-3, at 83–89, 103–04; ECF No. 20-4, at 13–14, 19–27. White did not pursue any further relief in the Virginia state courts.

On or about May 15, 2023,[1] White signed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed in this Court on June 20, 2023. ECF No. 1, at 9. In the petition, White asserts he is entitled to relief on these grounds: (1) he was denied effective assistance of counsel due to his counsel's failure to adequately investigate defenses and file pretrial motions, and the failure of counsel admitted *pro hac vice* to participate in his defense; (2) he was denied effective assistance of counsel due to counsel forcing him to plead guilty and failing to address several factors with the court, including childhood trauma, delay in charging White, lack of evidence of date, time, and place of criminal acts, and White's improper interrogation; (3) he

---

[1] In the case of incarcerated *pro se* litigants, civil complaints are considered "filed" when the prisoner delivers the complaint to prison authorities for mailing to the clerk of the district court, not when clerk of the district court actually received the complaint. *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 736 (4th Cir. 1991).

2

involuntarily confessed under duress and coercive circumstances; and (4) the sentencing court failed to thoroughly consider mitigating factors, including his lack of mental health treatment and his childhood trauma. ECF No. 1. In his petition, White requested: (1) a new trial, (2) an evidentiary hearing, (3) reconsideration of his sentence, and (4) any further relief deemed just by the Court.[2] *Id.* at 25–26. On November 2, 2023, respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support. ECF Nos. 18–20. White filed a response to the motion on November 7, 2023. ECF No. 23.

## II.   ANALYSIS

### A.   White's federal habeas petition is barred by the statute of limitations.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

The Supreme Court of Virginia refused White's appeal of his convictions on August 3, 2021. ECF No. 20-4, at 138. White's convictions became final 90 days later, on November 1, 2021, the last day he could petition for a writ of certiorari in the United States Supreme Court. *See*

---

[2] White also lists actual innocence as a separate claim, but cites *Schlup v. Delo*, 513 U.S. 298, 324 (1995), indicating that he is asserting actual innocence as a gateway to permit the Court to address otherwise defaulted claims. ECF No. 1, at 13–14.

3

U.S. Sup. Ct. R. 13(1), (3). White's one-year federal limitations period began to run on November 1, 2021, and, absent tolling, expired on November 1, 2022. White did not sign his federal petition until May 15, 2023. ECF No. 1, at 9.

**B.    Statutory tolling does not apply.**

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). White did not pursue any petitions for state post-conviction relief or other collateral review pertaining to his convictions. Accordingly, statutory tolling does not apply to White's federal limitations period.

**C.    Equitable tolling does not apply.**

The federal statute of limitations is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Fourth Circuit has held that equitable tolling is only appropriate in instances where "'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)).

White asserts the statute of limitations should be equitably tolled because he is actually innocent of the offense. ECF No. 1, at 13–14; ECF No. 23, at 1–4. The Supreme Court has recognized actual innocence as a way to overcome the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the

4

impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). A gateway actual innocence claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner produces new, reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court determines "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 324, 327–28).

      White argues that evidence of his "mental underdevelopment constitutes new evidence that was not presented at trial due to ineffective assistance of counsel" and this evidence "directly bears on [his] criminal intent." ECF No. 1, at 13–14. White has not presented any new, reliable evidence of innocence or of his mental underdevelopment that was not presented at his trial. *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) ("conclusory, unsubstantiated allegations of innocence are hardly the sort of new reliable evidence described by the Supreme Court"). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Id.* (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997)).

      A review of White's sentencing hearing reveals that the judge considered (1) the report of

Dr. Evan Nelson prepared April 20, 2019, following a psychosexual evaluation of defendant, ECF No. 20-6, at 3–4; (2) the report of Dr. Zwemer addressing defendant's sanity at the time of the offenses, *id.* at 4; and (3) testimony that defendant had a hard childhood, had difficulty in school, and was molested by his relatives, *id.* at 14–15, 20–21, 24, 33–34, 36–38.

White argues evidence of his mental underdevelopment was not presented at trial because of the ineffectiveness of counsel. The Fourth Circuit has noted that "attorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires." *Rouse*, 339 F.3d at 249 (quoting *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001)). "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Id.* at 250 (quoting *Coleman*, 501 U.S. at 753).

Furthermore, although *Martinez v. Ryan*, 556 U.S. 1, 9 (2012), may excuse certain state procedural defaults in limited circumstances, it does not excuse otherwise untimely federal habeas petitioners or provide tolling under the AEDPA. *See Lombardo v. United States*, 860 F.3d 547, 561 (7th Cir. 2017) (declining to "recognize *Martinez's* framework as a means of establishing extraordinary circumstances for the purposes of equitable tolling" in a section 2255 case); *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2244(d)] or the tolling of that period."); *Proctor v. Dir., Dep't of Corr.*, No. 7:11cv00202, 2018 WL 6571215, at *3 (W.D. Va. Dec. 13, 2018) (finding *Martinez* created no basis for tolling the federal habeas limitations period); *Wilson v. Perry*, No. 1:14cv576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (collecting cases agreeing with *Thomas*). Therefore, White's ineffective assistance of counsel claim does not apply to toll White's federal limitations

6

period.

White has not established that he is entitled to equitable tolling, and his federal petition is barred by the statute of limitations.

### III.     RECOMMENDATION

For these reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 18, be **GRANTED,** and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### IV.     REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.     A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto,*

737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
April 22, 2024